IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DISH NETWORK CORPORATION and | : | |
| DISH NETWORK L.L.C. | : | |
| Plaintiffs | : | Case No. |
| v. | : | |
| | : | |
| ACE AMERICAN INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs DISH Network Corporation and DISH Network L.L.C., by and through their undersigned counsel, hereby file this Complaint against defendant ACE American Insurance Company ("ACE"). Plaintiffs are referred to herein collectively as "DISH."

### I.  NATURE OF ACTION

1.     This is an insurance coverage action for declaratory judgment and breach of contract arising out of ACE's failure to defend (or pay the costs of defending) and indemnify DISH in four underlying lawsuits ("Underlying Lawsuits" or "Underlying Litigation") captioned as:

    a.    *DISH Network L.L.C. v. American Broadcasting Companies, Inc., et al.*, Case No. 1:12-cv-04155 (S.D.N.Y.) (the "ABC Suit").[1]

    b.    *CBS Broadcasting Inc., et al. v. DISH Network Corp., et al.*, Case No. 1:12-cv-06812 (S.D.N.Y.) (the "CBS Suit") (which was transferred from the Central District of California and consolidated with the ABC Suit);

---

[1] CBS Corporation, Fox Entertainment Group, Inc., Fox Television Holdings, Inc., Fox Cable Network Services, L.L.C., and NBC Universal Media, L.L.C. are also parties to the ABC Suit.

c.      *Fox Broadcasting Company, et al. v. DISH Network Corp., et al.*, Case No. 2:12-cv-04529 (C.D. Cal.) (the "Fox Suit"); and

d.      *NBC Studios, LLC, et al., v. DISH Network Corp. et al.*, Case No. 2:12-cv-04536 (C.D. Cal.) (the "NBC Suit").

2.      By this action, DISH seeks declarations regarding the rights and obligations of the parties under insurance policies that DISH purchased from ACE and damages to remedy ACE's breaches of contract.

## II.  THE PARTIES

3.      Plaintiff DISH Network Corporation is incorporated in the state of Nevada, with its principal place of business in Englewood, Colorado.

4.      Plaintiff DISH Network L.L.C. is incorporated in Colorado, with its principal place of business in Englewood, Colorado.

5.      DISH Network Corporation holds, through a series of wholly-owned entities, 100% of DISH Network L.L.C.

6.      DISH provides, among other things, direct-to-the-home satellite television products and services to paying subscribers.

7.      ACE is an insurance company that sold liability insurance to DISH.  Upon information and belief, ACE is organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

## III.  JURISDICTION AND VENUE

8.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because:

a.      diversity of citizenship exists between DISH and ACE; and

b.      the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000).

9.      Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue herein occurred in this judicial district.  In that regard, a substantial part of the Underlying Litigation for which DISH seeks a defense and indemnity was adjudicated in this judicial district.

## IV. THE UNDERLYING LAWSUITS

10.      The Underlying Lawsuits were all filed in May 2012 and have been identified as related lawsuits.  DISH is a defendant in the CBS Suit, Fox Suit, and NBC Suit and a counterclaim-defendant in the ABC Suit.

11.      In the Underlying Lawsuits, entities comprising the four major television networks in the United States - ABC, NBC, CBS and Fox (collectively referred to as the "Broadcasters"), assert claims against DISH.

12.      The Broadcasters allege that DISH, through its digital video recorder, the Hopper, is infringing on the Broadcasters' exclusive reproduction rights in violation of The Copyright Act, 17 U.S.C. § 101 *et seq.*, by making the Broadcasters' copyrighted programming available to DISH's customers without commercials.   The Broadcasters allege further that DISH is secondarily liable for copyright infringement (including claims of inducement, vicarious liability and contributory liability) for encouraging customers to use the Hopper and related services to store and view primetime television without commercials.

13.      The Broadcasters allege that DISH, through its marketing and advertising, has induced customers to infringe in violation of The Copyright Act.

14.      DISH incurred, and continues to incur, substantial amounts far exceeding the jurisdictional amount defending and resolving the claims asserted in the Underlying Lawsuits.

## V.  THE ACE LIABILITY INSURANCE POLICIES

15.    ACE issued the following commercial general liability ("CGL") policies to DISH:

a.  Policy number G25531309, effective August 1, 2011 to August 1, 2012 (the "2011 ACE Policy").  The full terms and conditions of the 2011 ACE Policy are incorporated herein by reference.

b.  Policy number G27011007 effective August 1, 2012 to August 1, 2013 (the "2012 ACE Policy").  The full terms and conditions of the 2012 ACE Policy are incorporated herein by reference.

c.  Policy number XSLG2702290A effective August 1, 2013 to August 1, 2014 (the "2013 ACE Policy"). The full terms and conditions of the 2013 ACE Policy are incorporated herein by reference.

d.  Policy number XSLG27337193 effective August 1, 2014 to August 1, 2015 (the "2014 ACE Policy"). The full terms and conditions of the 2014 ACE Policy are incorporated herein by reference.

e.  Policy number XSLG2739775A effective August 1, 2015 to August 1, 2016 (the "2015 ACE Policy").  The full terms and conditions of the 2015 ACE Policy are incorporated herein by reference.

f.  The above polices are collectively referred to as "the ACE Policies," the terms and conditions of which are incorporated herein by reference.

16.    ACE, and others, issued additional liability insurance policies to DISH that may be implicated by the Underlying Litigation.   DISH reserves the right to amend this complaint for the purpose of seeking recovery under those additional insurance policies.

17.     Pursuant to the ACE Policies, ACE promised, in part, to pay DISH "for the 'ultimate net loss' in excess of the 'retained limit' because of 'personal and advertising injury' to which this insurance applies."

18.     The ACE Policies define "[u]ltimate net loss" as the "total sum . . . that the insured becomes legally obligated to pay as damages by reason of settlements, judgments, or any arbitration or other alternative dispute method . . .".

19.     The ACE Policies also provide coverage for allocated loss adjustment expenses ("ALAE"), defined as "claim expenses and costs incurred by the insured or by us in connection with the investigation, administration, adjustment, subrogation, settlement or defense of any claim or lawsuit that we, under our accounting practices, directly allocate to a particular claim . . . provided that 'approved attorneys' are utilized."

20.     The "retained limit" in each of the ACE Policies is $500,000.  The retained limit includes ALAE expenses.

21.     The definition of "Personal and Advertising Injury" contained in the ACE Policies includes, in pertinent part:  "[i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

22.     The ACE Policies also contain an exclusion for "Infringement of Copyright, Patent, Trademark or Trade Secret," but the ACE Policies specifically state "this exclusion does not apply to infringement, in your 'advertisement', of copyright, trade dress or slogan."

23.     Accordingly, the ACE Policies provide coverage for copyright infringement in the insured's advertisement.

**COUNT I**
**DECLARATORY JUDGMENT: DUTY TO DEFEND**

24.     DISH hereby repeats and incorporates its allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

25.     DISH is insured under the ACE Policies.

26.     The ACE Policies impose on ACE the duty to defend or pay the costs of defending DISH against suits alleging advertising injury.

27.     The claims asserted against DISH on behalf of the Broadcasters in the Underlying Lawsuits allege "personal and advertising injury" covered or potentially covered under the ACE Policies.

28.     DISH timely performed all requisite conditions precedent under the ACE Policies.

29.     Pursuant to the ACE Policies, ACE has a duty to defend or pay the costs of defending DISH.

30.     To date, however, ACE has failed or refused to defend or pay the costs of defending DISH in connection with the Underlying Lawsuits.

31.     By reason of the foregoing, an actual and justiciable controversy exists concerning the duty of ACE to defend or pay the costs of defending DISH in connection with the claims asserted by the Broadcasters in the Underlying Lawsuits.

32.     Accordingly, DISH seeks a declaration by this Court that ACE has a duty to defend or pay the costs of defending DISH, pursuant to the ACE Policies, in connection with the claims asserted by the Broadcasters in the Underlying Lawsuits.

WHEREFORE, DISH respectfully requests that the Court enter judgment in its favor and against ACE by:

a.     declaring that ACE has a duty to defend or to pay the costs of defending DISH against the claims asserted in the Underlying Lawsuits, pursuant to the ACE Policies;

b.     declaring that ACE's duty to defend or pay the costs of defending DISH commenced upon the filing of the Underlying Lawsuits;

c.     ordering ACE to pay for the past attorneys' fees and costs incurred by DISH in defending itself against the Underlying Lawsuits and to continue paying for such attorneys' fees and costs as they are incurred in the future; and

d.     awarding DISH its attorneys' fees, interest, costs and such other and further relief as the Court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT: DUTY TO INDEMNIFY

33.     DISH hereby repeats and incorporates its allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

34.     DISH is insured under the ACE Policies.

35.     The ACE Policies impose on ACE the duty to indemnify DISH against suits alleging "personal and advertising injury."

36.     The claims asserted against DISH in the Underlying Lawsuits allege "personal and advertising injury" committed by DISH.  As such, those claims are covered under the ACE Policies.

37.     DISH timely performed all requisite conditions precedent under each of the ACE Policies.

38.     Pursuant to the ACE Policies, ACE has a duty to indemnify DISH with respect to the Underlying Lawsuits.

39.     To date, however, ACE has failed or refused to indemnify DISH in connection with the Underlying Lawsuits.

40.     By reason of the foregoing, an actual and justiciable controversy exists concerning the duty of ACE to indemnify DISH in connection with the claims asserted on behalf of the Broadcasters in the Underlying Lawsuit.

41.     Accordingly, DISH seeks a declaration by this Court that ACE has a duty to indemnify DISH, pursuant to the ACE Policies, for any liabilities incurred in connection with the Underlying Lawsuits.

WHEREFORE, DISH respectfully requests that the Court enter judgment in its favor and against ACE by:

a.      declaring that ACE has a duty to indemnify DISH against the Underlying Lawsuits, pursuant to the ACE Policies; and

b.      awarding DISH its attorneys' fees, interest, costs and such other and further relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

42.     DISH hereby repeats and incorporates its allegations in the preceding paragraphs of this Complaint as if set forth fully herein.

43.     The claims asserted in the Underlying Lawsuits are covered or potentially covered under the ACE Policies, and, accordingly, ACE is contractually obliged to pay the costs incurred by DISH in defending and resolving the Underlying Lawsuits.

44.     DISH performed all applicable conditions under the ACE Policies.

45.     ACE's failure or refusal to fulfill its duties to pay the costs of incurred by DISH in defending and resolving the Underlying Lawsuits is in breach of the ACE Policies.

46.     ACE's failure to fulfill its duties to pay for the costs incurred by DISH in defending and resolving the Underlying Lawsuits has caused damage to DISH.

WHEREFORE, DISH respectfully requests that this Court enter judgment in its favor and against ACE, in an amount equal to the sums incurred by DISH in defending and resolving the Underlying Lawsuits together with attorneys' fees, interest, costs and such other and further relief as this Court deems just and proper.

## REQUEST FOR JURY TRIAL

DISH hereby requests a trial by jury on all claims for which it is available.

May 28, 2016                                    Respectfully submitted,

                                               By: /s/ Lee M. Epstein
                                               Lee M. Epstein
                                               Weisbrod Matteis & Copley PLLC
                                               Two Logan Square, Suite 1925
                                               100 N. 18th Street
                                               Philadelphia, PA  19103
                                               T: (267) 281-7595
                                               lepstein@wmclaw.com